Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Donald L. Prunty (Bar No. 8230)
pruntyd@gtlaw.com
F. Christopher Austin (Bar No. 6559)
austinc@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SILICON CRYSTAL TECHNOLOGY, LLC, and VC AMERICA, INC. | Case No. 2:10-cv-01710-PMP-PAL |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| RTI AMERICA, INC., ALEXANDRE WOLLOCH AND NGA CHUNG WONG, | |
| Defendants. | |
| RTI AMERICA, INC. AND ALEXANDRE WOLLOCH, | |
| Counterclaimants, | |
| v. | |
| SILICON CRYSTAL TECHNOLOGY, LLC and VC AMERICA, INC. | |
| Counter-Defendants. | |
| ALEXANDRE WOLLOCH and RTI AMERICA, INC., | |
| Third-Party Plaintiffs, | |
| v. | |
| THOMAS HARDY; DOES and ROES I-X, | |
| Third-Party Defendants | |

1

LV 419,751,350v1 5-2-12

1  WHEREAS, in the course of this litigation, disclosure may be sought of information which a party regards as containing trade secret or other confidential development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties hereto desire to establish a mechanism governing access to and use of such confidential, or proprietary information in this action;

IT IS HEREBY STIPULATED by and between the parties hereto, by their respective undersigned counsel of record herein, that the following protective order ("Protective Order") shall govern the access to and use of trade secret or other confidential research, development or commercial information produced in this action.

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively "Designated Information") shall mean and include documents, information or materials that relate to sensitive customer, marketing, manufacturing, financial, trade secret and non-public product or development information, and are designated in good faith as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of their production or disclosure in this action.  As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties.  As a general guideline, materials designated" Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties.  Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorneys Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.  A designation of any information as "Confidential" or "Confidential-Attorneys Eyes Only" constitutes certification by the designating party that such person has reviewed the Designated Information and

has made a determination that: (1) such information contains trade secrets, competitively sensitive information or other confidential information; (2) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm; and (3) there is good cause for seeking the Court's protection.

  2. The following persons may have access to Designated Information marked in this action:

    a. For Designated Information marked "Confidential – Attorneys Eyes Only":

      i. Trial counsel of record for the parties and all partners, associates, and law firm staff thereof who are performing legal services in connection with this action;

      ii. Judges, court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

      iii. Technical and financial experts or any other persons who are reasonably necessary to assist trial counsel in this action who execute an Acknowledgment Under Protective Order (**Exhibit A**) under the procedure set out in Section 3.

    b. For Designated Information marked "Confidential":

      i. All persons set out in Section 2.a; and

      ii. Each party and the officers, directors, managers, corporate representatives and in-house attorneys for each party, who are necessary to the defense or prosecution of any issues in this matter.

  3. The parties shall have the right to object to the disclosure of Designated Information to persons executing an Acknowledgment Under Protective Order (**Exhibit A**) if such an objection to disclosure is made in writing to counsel for all parties within seven (7) business days of receipt of the following:

    a. The name of the proposed person;

    b. The present employer and title of the proposed person;

    c. The reason for disclosure to the proposed person;

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

3

LV 419,751,350v1 5-2-12

      d.      In the case of an independent expert or consultant, an up-to-date curriculum vitae; and

      e.      an executed Acknowledgement Under Protective Order (**Exhibit A**).

The objecting party shall have within seven (7) business days after making its written objection to petition the Court for an order prohibiting the disclosure at issue. If an objection is made, no Designated Information shall be made available to the individual in question until after the Court rules that such a disclosure can occur, so long as the written objection to the disclosure is followed by the timely filing of a petition with the Court.

Failure to object within seven (7) business days to the proposed person shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person by later making a written objection and petitioning the Court for an order prohibiting continued access to the Designated Information.

4.    Designated Information shall be used only for the purpose of preparing for the trial of this action and shall be marked as "Confidential" or "Confidential-Attorneys Eyes Only" by the person or entity claiming confidentiality pursuant to the terms of this Order. Such notation shall be placed on every page of each document so designated. Similarly, if a document or transcript contains information considered "Confidential-Attorneys Eyes Only" by a party, such document or transcript shall be marked with the legend "Confidential-Attorneys Eyes Only." Such notation shall be placed on every page of each document so designated.

5.    Designated Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access.

6.    The signing of this Order or failure of a party, at the time it receives Designated Information, to challenge or object to the "Confidential" or "Confidential-Attorneys Eyes Only" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" or "Confidential-Attorneys Eyes Only" designation at any later time.

7.    Designated Information shall not include any document, information or other materials which:

a. has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

b. was already known to a receiving party by lawful means prior to acquisition from, or disclosure by, the producing party; or

c. is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

Notwithstanding the foregoing, compilations and/or summaries of information may nonetheless be deemed and designated, in good faith, as containing Designated Information and subject to this Order even though some of the information and documents contained in such compilations and/or summaries may have been produced to third parties on a non-confidential basis.

8. Any person in possession of Designated Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Designated Information in order to ensure that the confidential nature of the same is maintained.

9. If Designated Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make

*Modified by court. Not approved.*

~~10. Any pleading, paper or other document filed in this action which contains or discloses Designated Information shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of this Order.~~

11. Information disclosed at a deposition may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by either indicating on the record at the deposition that the testimony is "Confidential" or "Confidential-Attorneys Eyes Only" or by notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are "Confidential" or "Confidential-Attorneys Eyes Only." Documents produced by any party

5

which contain Designated Information shall be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of production by the producing party. Information disclosed at a deposition or in a document that is not designated as "Confidential" or "Confidential-Attorneys Eyes Only" under the procedure set forth above shall not thereafter be designated as Designated Information. However, if a party, through inadvertence, produces any Designated Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed "Confidential" or "Confidential-Attorneys Eyes Only" and should be treated as such in accordance with the provisions of this Order. The receiving party shall treat such documents and things as Designated Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Designated Information to persons not authorized to receive Designated Information shall not be deemed a violation of this Order.

12. Within sixty (60) days of the final conclusion of this action, including any appeals, all Designated Information, including all electonic and photocopies thereof, shall be destroyed by the receiving party (or, upon request, returned to the producing party at the producing party's expense). The attorneys of record for each party shall be entitled to retain all exhibits admitted into evidence at trial, pleadings, motion papers, discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence and work product.

13. This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity of privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request.

LV 419,751,350v1 5-2-12

14. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

Dated this 3rd day of May, 2012.

**STIPULATED AND AGREED TO:**

| GORDON SILVER | GREENBERG TRAURIG, LLP |
|---|---|
| /s/ Joel Schwarz | /s/ F. Christopher Austin |
| Erika Pike Turner (Bar No. 6454) | Mark G. Tratos (Bar No. 1086) |
| Joel Schwarz (Bar No. 9181) | Donald L. Prunty (Bar No. 8230) |
| 3960 Howard Hughes Parkway, 9th Flr. | F. Christopher Austin (Bar No. 6559) |
| Las Vegas, Nevada 89169 | 3773 Howard Hughes Pkwy, Suite 400 North |
|  | Las Vegas, NV 89169 |
| *Counsel for Defendants* | *Counsel for Plaintiffs* |

**ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 9, 2012

LV 419,751,350v1 5-2-12

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDY HACKETT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company, PLAYLV GAMING OPERATION, LLC d/b/a PLAZA HOTEL AND CASINO, a Nevada limited liability corporation; BROADWAY BOOKING OFFICE NYC, LTD, a New York corporation,<br><br>Defendants.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company,<br><br>Counterclaimants,<br><br>vs.<br><br>SANDY HACKETT, an individual<br><br>Counter-Defendant. | Case No. 2:09-cv-02075-RLH-LRL<br><br>**PROTECTIVE ORDER** |

## ACKNOWLEDGMENT UNDER PROTECTIVE ORDER

I, _____, state as follows:

I hold the title of _____ with the following responsibilities _____ for _____

and I hereby acknowledge that I have been furnished with a copy of the Protective Order in

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

this action, and that I have read and do understand it, and I agree to be bound by it. I agree to submit to the jurisdiction of this Court in connection with any proceeding or hearing relating to Confidential Information in this action, including any proceeding relating to enforcement of the Protective Order for Confidential Information.

_____          _____
Date                                                                       Signature

LV 419,751,350v1 5-2-12